1

2 IN THE UNITED STATES DISTRICT COURT

3 FOR THE DISTRICT OF ARIZONA

4

5 George W. Foushi, II,                )        No. CV 10-489-RCC-CRP
                                       )
6        Petitioner,                   )        **REPORT & RECOMMENDATION**
                                       )
7 vs.                                  )
                                       )
8                                      )
  Lionel Craig Apker, Jr.,             )
9                                      )
         Respondent.                   )
10                                     )
   _____ )

11

12

13        Petitioner George Foushi, who was confined at the Satellite Prison Camp in Tucson,

14 Arizona, filed a Petition for A Writ of Habeas Corpus by a Person in Federal Custody Under

15 28 U.S.C. § 2241 ("Habeas Petition") on August 9, 2010. (Doc. 1). On April 20, 2011,

16 Petitioner filed a Motion to Withdraw his 2241 Habeas Petition. (Doc. 16). In his Motion,

17 Petitioner states he received the relief he sought through his Habeas Petition, which was

18 transfer to a residential reentry center ("RRC"). Records from the Federal Bureau of Prisons

19 Inmate Locator show Petitioner is now located in a residential reentry center through the

20 Community Corrections Center in Phoenix, Arizona.[1]

21        The Magistrate Judge recommends the District Court dismiss with prejudice the

22 Habeas Petition. Federal Rule of Civil Procedure 41(a)(2) provides for dismissal of an action

23 pursuant to court order. The Court recommends this case be dismissed with prejudice

24 because Petitioner has received the relief sought and thus, there is no longer a case or

25 controversy before this Court.

26

27 _____

28        [1] www.bop.gov/iloc2/LocateInmate.jsp Register # 42796-208.

1      Under Article III of the United States Constitution, the jurisdiction of federal courts

2  is limited to "cases" or "controversies."  U.S.Const. Art. III, § 2, cl. 1.  A federal court may

3  not review a moot claim, because "the exercise of federal judicial power is conditioned on

4  the existence of an [Article III] case or controversy."  *Liner v. Jafco, Inc.*, 375 U.S. 301, 306

5  n. 3 (1964), *Wilson v. Terhune*, 319 F.3d 477, 479 (9th Cir.2003) (*quoting Spencer v. Kemna*,

6  523 U.S. 1, 7 (1998)).  Mootness is a jurisdictional issue, and "federal courts have no

7  jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists."

8  *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir.2003) (internal quotation marks and citation

9  omitted).  If there is no longer any possibility that relief can be obtained for a claim, that

10  claim is moot and must be dismissed for lack of jurisdiction.  *Id.*

11  **Recommendation**

12      The Magistrate Judge recommends that the District Court, after its independent

13  review, grant Petitioner's Motion to Withdraw (Doc. 16) and dismiss with prejudice the

14  Habeas Petition.

15      Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file

16  written objections within fourteen days of being served with a copy of the Report and

17  Recommendation.  If objections are not timely filed, they may be deemed waived. If

18  objections are filed, the parties should use the following case number: **CV 10-489-TUC-**

19  **RCC.**

20      The Clerk of the Court shall mail a copy of this Report and Recommendation to

21  George Foushi, II # 42796-208 Care of CCM Phoenix; Community Corrections Office; 230

22  N First Ave, Suite 405; Phoenix, Arizona 85003.

23      DATED this 12th day of May, 2011.

**CHARLES R. PYLE**
**UNITED STATES MAGISTRATE JUDGE**